USDS SDNY
DOCUMENT
ELECTRONICALL
DOC #: _____
DATE FiLED: 6/11/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

TANEIKA BLAIR, ET AL.,

                                 Plaintiffs,

-against-

CITY OF NEW YORK and THE NEW YORK CITY
DEPARTMENT OF JUVENILE JUSTICE

                                 Defendants.

------------------------------------------------------------------ x

**▬▬▬▬▬ ORDER OF DISMISSAL WITH PREJUDICE**

08 Civ. 10692 (RJS)(MHD)

      This cause having come before the Court upon the joint request of Plaintiffs and Defendants, the Court having been advised of and considered the Settlement Agreement entered into by and among the Plaintiffs and Defendants that has resulted from voluntary settlement negotiations, and, upon the joint application of Plaintiffs and Defendants, by their Attorneys, seeking review and approval by the Court thereof, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

      (1)    The Court approves and adopts as stated the terms of the Settlement Agreement entered into between and among the parties to this litigation, as it reflects a fair, reasonable, and appropriate compromise deemed in the best interest of the parties thereto, and in accordance with law with respect to the claims asserted in this collective action; and

      (2)    Consistent with that Agreement, all claims asserted by plaintiffs in this collective action are hereby dismissed, with Prejudice, with respect to the individuals identified in Exhibit "A" of the parties' Settlement Agreement with respect to the time period up to and through the date of this Order. The Court will retain jurisdiction over the parties for the purpose of

interpretation and compliance with the Agreement and this Agreed Order of Dismissal with Prejudice.

So ORDERED this 8th day of June, 2010.

_____
Richard J. Sullivan
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TANEIKA BLAIR, ET AL.,

                                                  Plaintiffs,

                                                             08 Civ. 10692 (RJS)(MHD)

               -against-

CITY OF NEW YORK and THE NEW YORK CITY
DEPARTMENT OF JUVENILE JUSTICE

                                                 Defendants.

------------------------------------------------------------------------ x

## SETTLEMENT AGREEMENT

        This Settlement Agreement ("Agreement") is made and entered into by and among the Plaintiffs identified on Exhibit "A," which is attached hereto, who are all persons who have timely consented to be party Plaintiffs in the above-captioned case and Defendants, the City of New York and the New York City Department of Juvenile Justice on behalf of themselves and all other agencies, related entities, predecessors, successors, assigns, trustees, officers, directors and employees, agents, employee benefits plans and the trustees, administrators, and fiduciaries of such plans, (hereinafter referred to collectively as "Defendants"), and is based on the following:

**I.**    **RECITALS**

        1.1    Plaintiffs are 13 individuals employed or formerly employed by the Defendants as juvenile counselors and/or associate juvenile counselors in New York City's Department of Juvenile Justice. On December 9, 2008, Plaintiffs filed the complaint in this action in this Court. Thereafter, other Plaintiffs listed in Exhibit "A" filed their "consents to sue" and opt into this collective action.

1.2     Plaintiffs have made certain allegations concerning their employment with the Defendants regarding an asserted failure to pay overtime compensation properly under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

1.3     Plaintiffs have asserted seven FLSA claims against the Defendants in the First Amended Complaint, filed on January 12, 2009. These claims are summarized as follows:

- <u>Pre-Shift/Post-Shift Claim</u>: Plaintiffs allege that Defendants failed to pay them for work that they performed before and/or after their scheduled shifts;

- <u>Float Day Claim</u>: Plaintiffs allege that Defendants failed to properly compensate them for 15 minutes of scheduled work that Plaintiffs performed each shift;

- <u>Late Payment of Overtime Claim</u>: Plaintiffs allege that Defendants failed to timely pay them overtime pay. This claim (as opposed to the "Pay System Claim" described below) includes only those occasions when the overtime pay was paid more than 26 days after the date that the overtime was worked;

- <u>Flawed Compensatory Time Claim</u>: Plaintiffs allege that Defendants required Plaintiffs to accept compensatory instead of cash payments for overtime work and that Defendants denied Plaintiffs' requests to use compensatory time;

- <u>Pay System Claim</u>: Plaintiffs allege that Defendants failed to pay them for overtime worked during the second week of a bi-weekly pay period on the regular pay day for that period;

- <u>Regular Rate of Pay Claim:</u> Plaintiffs allege that Defendants failed to properly calculate the regular rate of pay, thus failing to properly calculate the overtime rate of pay;

- <u>Fifteen-Minute Increment Claim</u>: Plaintiffs allege that Defendants failed to pay overtime compensation unless the time spent performing such overtime equaled or exceeded 15 minutes in length.

1.4     Plaintiffs and Defendants (hereinafter referred to collectively as the "Parties") have agreed to settle the issues, matters and things in dispute between and among them pursuant to the terms of this Agreement.  Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of four of the seven above-identified claims with prejudice:  Pre-Shift/Post-Shift Claim, Float Day Claim, Late Payment of Overtime Claim, and Regular Rate of Pay Claim (hereinafter the "Settled Claims").  In consideration of the monetary payments made by Defendants to resolve these four claims, as described below in paragraph 2.1, Plaintiffs agree to the dismissal with prejudice of all claims raised or that could have been raised in the First Amended Complaint, including the Flawed Compensatory Time Claim, Pay System Claim, and Fifteen-Minute Increment Claim, as identified in paragraph 1.3 above (hereinafter the "Released Claims").  The Parties have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests.

1.5     The Parties, through their counsel, hereby seek judicial approval of this Settlement Agreement.  In the event the proposed settlement contained in this Agreement does not become effective in accordance with the terms hereof, is not finally approved, is terminated, cancelled or fails to become effective for any reason, this Agreement will no longer have any

effect and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.

## II.   PAYMENT AND DISTRIBUTION

2.1   In consideration for the terms, conditions and promises in this Agreement, Defendants shall, in accordance with paragraph 2.3, pay or will cause to be paid to Plaintiffs and their attorneys the gross amount of Ninety Thousand Dollars ($90,000.00) (hereinafter the "Settlement Amount") to resolve all claims for damages allegedly accruing as a result of the Settled Claims for the period of December 9, 2005 through the date this Agreement is approved by the Court.  The Settlement Amount will be divided and distributed as follows:  (1) one check in the amount of Fifty Thousand Dollars ($50,000.00) payable to Spivak Lipton LLP for all attorneys' fees and costs accrued up to the date this Agreement is approved by the Court; (2) checks will be issued by the City of New York, made payable to each eligible Plaintiff in accordance with paragraph 2.5 below, less the amount of any liens or judgments, if appropriate, against any particular Plaintiff deducted by the City of New York in accordance with and as permitted by law, constituting his or her share of liquidated damages in the amount of Twenty-Two Thousand Five Hundred Dollars ($22,500.00).  Spivak Lipton LLP, as attorneys for Plaintiffs, will provide the City of New York with the specific amount payable to each eligible Plaintiff as liquidated damages in accordance with paragraph 2.5 below, and the sum provided by Plaintiffs' counsel will not reflect the amount of any liens or judgments that may be deducted by the City of New York; and (3) payroll checks, which will be issued by the City of New York, made payable to each eligible Plaintiff in accordance with Plaintiffs' counsel's instructions constituting his or her share of the Seventeen Thousand Five Hundred Dollars ($17,500.00) back pay award.  Checks issued by the City of New York as payment for liquidated damages will be sent to Plaintiffs' counsel for distribution to the Plaintiffs. All payroll checks will be less all

appropriate payroll deductions and withholdings and will be sent to Plaintiffs' counsel for distribution to the Plaintiffs. These amounts are agreed to among the Parties to compromise, settle and satisfy the Settled Claims and liquidated damages related to the Settled Claims, and any interest related to the Settled Claims, as well as the Released Claims.

        2.2    In consideration of the monetary payments set forth in paragraph 2.1 above, Plaintiffs agree to dismiss with prejudice all claims raised or that could have been raised in the First Amended Complaint.

        2.3    Within thirty (30) days of the date that the Court enters an order finally approving this Agreement, the Plaintiffs shall tender, by overnight mail or hand-delivery, to Defendants' attorney the following documents to effectuate payment of the $90,000.00: (1) a listing of the distribution amounts to each individual Plaintiff along with each Plaintiff's social security number; (2) a copy of this Settlement Agreement and its attachments; (3) the Court's Order approving the settlement; and (4) executed releases, affidavits concerning liens and W-9 forms from each Plaintiff listed in Exhibit "A" to this Settlement Agreement.[1] Within ninety (90) calendar days of the date that Plaintiffs tender these documents, the Defendants shall pay the amounts as specified in paragraph 2.1. If Plaintiffs fail to provide the document indicating distribution amounts for each individual Plaintiff within thirty (30) days of the date that the Court enters an order finally approving this Agreement, Defendants' time to tender payment will begin ninety (90) days after Defendants' attorney receives the distribution information from Plaintiffs as well as the releases, affidavits concerning liens and W-9 forms executed by each

---

[1] A copy of a form Release and Affidavit Concerning Liens to be executed by each plaintiff is annexed hereto as Exhibit "B."

Plaintiff listed in Exhibit "A." Once this Agreement is approved by the Court, should Defendants fail to tender payment within ninety (90) days of the date that Plaintiffs tender the documents indentified in paragraph 2.3(4), interest shall accrue on the $90,000.00, or whatever amount that remains unpaid, in accordance with N.Y. C.P.L.R. § 5003-a from the date the paperwork is tendered up until the date that payment is made.

        2.4    Defendants' counsel will forward the attorneys' fees check in the amount of Fifty Thousand Dollars ($50,000.00) payable to Spivak Lipton LLP as well as a check for each eligible Plaintiff in accordance with instructions of Plaintiffs' counsel (less any deductions for liens or judgments against Plaintiffs) constituting his or her share of the Twenty-Two Thousand Five Hundred Dollars ($22,500.00) liquidated damages award to Plaintiffs' counsel who will be responsible for distributing the checks to each Plaintiff listed on Exhibit "A." In the event that any Plaintiff's liquidated damages share is subject to a lien or judgment by the City of New York, Defendants' counsel shall provide Plaintiffs' counsel with: (1) the name of the Plaintiff; and (2) the amount of the lien or judgment at or before the time that payment is made by Defendants. Defendants' counsel shall be solely responsible for deducting the amounts of any liens or judgments in accordance with and as permitted by law, where applicable, from the individual Plaintiff's liquidated damage award. Defendants' counsel will also send to Plaintiffs' counsel the Plaintiffs' individual back pay checks for distribution to the Plaintiffs.

        2.5    Plaintiffs and their counsel will be solely responsible for determining the allocations among Plaintiffs and the distribution of settlement funds described in paragraph 2.1. Funds will be distributed to each individual plaintiff in accordance with the terms of this Settlement Agreement and the chart provided by Plaintiffs' counsel as specified in paragraph 2.3.

2.6     Plaintiffs and their counsel will defend, release and hold Defendants harmless from any and all claims or causes of action arising from the distribution of settlement funds.

2.7     Plaintiffs' counsel shall complete a substitute W-9 form and deliver such W-9 form to Defendants' attorney.

2.8     Defendants shall distribute tax forms to the Plaintiffs reflecting the back pay payments made under paragraph 2.1 of this Settlement Agreement.  Defendants' counsel shall distribute to each Plaintiff receiving a liquidated damages award a Miscellaneous Income Form 1099 reflecting the amount paid to the Plaintiff as liquidated damages.  However, each eligible Plaintiff must submit a W-9 form in order to receive payment of his or her share of the liquidated damages award.  Each Plaintiff agrees that he or she will be responsible for their individual tax liability associated with the payments made to him or her under this agreement.  Plaintiffs agree that they shall indemnify and hold harmless Defendants in the event of any dispute concerning whether taxes are owed by any Plaintiff on any part of this settlement.

2.9     Plaintiffs acknowledge and agree that, other than the payment to be made pursuant to this Agreement or excepted from this Agreement, they have been paid for all hours worked related to all claims asserted in the First Amended Complaint.

### III.    RELEASE AND COVENANT NOT TO SUE

3.1     All Plaintiffs for themselves, and their spouses and families, attorneys (if any), agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasers"), voluntarily and with the advice of counsel, fully and forever release, acquit, and discharge the Defendants, its present or former officers, directors, subsidiaries, affiliates, partners, employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs,

successors and assigns, and any or all of them and all persons acting by, through, under, or in concert with any of them (collectively, the "Releasees"), in their personal, individual, official and/or corporate capacities, from all claims asserted in the First Amended Complaint arising under the FLSA and/or any New York wage and hour laws, arising up to and including the date of approval of this Settlement Agreement by the Court for the time period Plaintiffs worked as juvenile counselors and associate juvenile counselors.

   3.2 All Plaintiffs shall be deemed to and shall have waived, released, discharged and dismissed all claims asserted in the First Amended Complaint, with full knowledge of any and all rights they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts which are now unknown to them.

   3.3 All Plaintiffs understand and agree that to the fullest extent permitted by law, they are precluded from filing or pursuing any legal claim or action of any kind against any entity at any time in the future, in or with any federal, state, or municipal court, tribunal, or other authority, arising out of the claims asserted in the First Amended Complaint. They agree not to file or pursue any such claim or action. Excluded from this release and covenant not to sue is any right or claim that cannot be waived by law, including but not limited to the right to file a charge with or participate in an investigation conducted by government agencies. All Plaintiffs are waiving, however, any right to monetary recovery should any agency pursue any claims on their behalf.

   3.4 All Plaintiffs are specifically waiving any right to appeal any portion or decision relating to this collective action related to the claims asserted in the First Amended

Complaint or this Agreement to the District Court for the Southern District of New York or the United States Court of Appeals for the Second Circuit.

        3.5    All Plaintiffs agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; each Plaintiff affirms that he/she has not been coerced threatened, or intimidated into signing this Agreement; and he/she has been advised to consult with an attorney, and in fact has consulted with an attorney before signing this Agreement.

## IV.   DISMISSAL OF CLAIMS

        4.1    All Plaintiffs agree to dismiss all claims against Defendants contained in the First Amended Complaint, with prejudice in accordance with an Order of Dismissal to be submitted to the Court.

## V.   NO ADMISSION OF LIABILITY

        5.1    Defendants do not admit any allegations made against them in any charges, complaints, grievances or lawsuit currently pending between the parties.  Nothing contained in this Agreement shall be deemed an admission of liability or of any violation of any applicable law, rule, regulation, order or contract of any kind.  Nor shall it have precedential value with respect to any obligation of the City of New York or the New York City Department of Juvenile Justice, or any other department or subdivision of the City of New York.  This Agreement shall not be admissible in, nor is it related to, any other litigation or settlement negotiation, except with regard to an action to enforce the terms of the Agreement.  Nothing herein shall be deemed evidence of a policy or practice of the City of New York or the New York City Department of Juvenile Justice, or any other department or subdivision of the City of New York.  Nothing in the Agreement shall be deemed evidence of any wrongful act or omission

of the City of New York or the New York City Department of Juvenile Justice or any other department or subdivision of the City of New York.

## VIII. PARTIES' AUTHORITY

      8.1    The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

      8.2    All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

## IX. MUTUAL FULL COOPERATION

      9.1    The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

## X. ENFORCEMENT ACTIONS

      10.1    In the event that one or more of the Parties to this Agreement institutes any legal action, arbitration, or other proceeding against any other party or Parties to enforce the provisions of this Agreement, the successful party or Parties shall be entitled to recover from the unsuccessful party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## XI. MODIFICATION

      11.1    This Agreement and its attachments may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

XII. **ENTIRE AGREEMENT**

12.1 This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement. In the event of any conflict between this Agreement and any other settlement-related document, the Parties intend that this Agreement shall be controlling.

XIII. **CHOICE OF LAW/JURISDICTION**

13.1 This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of New York, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the Southern District of New York. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

## XIV. **VOIDING THE AGREEMENT**

14.1  The parties agree and represent that they intend and believe that this Agreement is lawful and enforceable in its entirety.  The parties further agree that, to the extent any portion of the Agreement is found to be illegal, invalid, or unenforceable by an agency or court of competent jurisdiction, the entire Agreement shall not be enforceable and shall be declared null and void in its entirety *ab initio*.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

| | |
|---|---|
| Dated:  New York, New York<br>        May 21, 2010 | Dated:  New York, New York<br>        May 24, 2010 |
| Hope Pordy<br>Attorney for Plaintiffs<br>Spivak Lipton LLP<br>1700 Broadway, 21st Floor<br>New York, New York  10019<br>Ph:  (212) 765-2100<br>Fax: (212) 541-5429<br>hpordy@spivaklipton.com | MICHAEL A. CARDOZO<br>Corporation Counsel of the City of New York<br>Attorney for Defendants<br>100 Church Street, Room 2-188<br>New York, New York  10007<br>Tel:  (212) 788-0917<br>Fax: (212) 788-0940<br>dperry@law.nyc.gov |
| By: _____<br>    Hope Pordy, Esq. | By: _____<br>    Devor Deland Perry<br>    Assistant Corporation Counsel |

**Exhibit "A"**

**LIST OF PLAINTIFFS**

1. Taneika Blair
2. Erik Bishop
3. Michael Calhoun
4. Fastima Gooden
5. Dorothy Green
6. Nature Hill
7. Valerie Hutchinson
8. Ernest Hyman
9. Patricia Jerry
10. Zachary Lewis
11. Darryl Reid
12. Elizabeth Richardson
13. Malkia Walker

Exhibit "B"

## RELEASE

   **KNOW THAT I,** _____, a Plaintiff in the collective action entitled <u>Blair, et al. v. City of New York, et al.</u>, United States District Court for the Southern District of New York, Case No. 08 Civ. 10692 (RJS)(MHD), in consideration of good and valuable consideration paid and/or distributed by the City of New York, do hereby release and discharge the Defendants the City of New York, the New York City Department of Juvenile Justice, and any other department or subdivision of the City of New York, their successors or assigns, and all past and present officials, employees, representatives and agents of the City of New York, the New York City Department of Juvenile Justice, and any other department or subdivision of the City of New York (collectively the "Released Parties") from any and all claims, liabilities and/or causes of action which were or could have been asserted by me against any of the Released Parties based on any act, omission, event or occurrence occurring from the beginning of the world up and including the date hereof, including, without limitation, any and all claims which were or could have been alleged by me in the aforementioned action regarding the alleged failure to pay overtime compensation under 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act. This Release may not be changed orally.

   **THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

_____

   **IN WITNESS WHEREOF,** I have executed this Release this \_\_th day of _____, 2010.

STATE OF NEW YORK, COUNTY OF _____ SS.:
 On _____, 2010 before me personally came _____ to me known, and known to me to be the individual described in, and who executed the foregoing RELEASE, and duly acknowledged to me that he or she executed the same.

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TANEIKA BLAIR, ET AL.,

                          Plaintiffs,

       -against-

CITY OF NEW YORK and THE NEW YORK CITY
DEPARTMENT OF JUVENILE JUSTICE

                          Defendants.

**AFFIDAVIT CONCERNING LIENS**

08 Civ. 10692 (RJS)(MHD)

------------------------------------------------------------------------ x

STATE OF NEW YORK    )
                              : SS.:
COUNTY OF _____ )

_____, being duly sworn, deposes and says:

1.    I am over 18 years, am the Plaintiff herein and make this affidavit in connection with settlement of this action.

2.    The City of New York has no outstanding bills or liens against me or my property for obligations owed for Parking Violations.  The City of New York has no outstanding bills or liens against me or my property for obligations owed for treatment received at a New York City Health and Hospitals Corporation facility, or New York State Disability benefits, as a result of incidents underlying in this action.

3.    I do not have any liens against me for the receipt of public assistance from the New York City Department of Social Services and do not owe child support.

_____
NAME
SS#_____DOB_____

Sworn to before me this
\_\_\_\_ day of _____, 2010.

_____
NOTARY PUBLIC